UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TONI CHURCH,

       Plaintiff,                              Hon. Ellen S. Carmody

v.

                                        Case No. 1:14-cv-574

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## **OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act. On August 19, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #9).

        Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 41 years of age on her alleged disability onset date.  (Tr. 130).  She successfully completed high school and worked previously as a bus driver, home attendant, delivery person, nurse assistant, and small parts assembler.  (Tr. 57-58).  Plaintiff applied for benefits on November 3, 2010, alleging that she had been disabled since October 21, 2008, due to arthritis and depression.  (Tr. 195-202, 238).  Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 113-94).  On August 29, 2012, Plaintiff appeared before ALJ Nicholas Ohanesian with testimony being offered by Plaintiff, a vocational expert, and a substance abuse counselor.  (Tr. 65-112).  In a written decision dated December 19, 2012, the ALJ determined that Plaintiff was not disabled.  (Tr. 47-59).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 1-5).  Plaintiff initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

Under federal law, an individual "shall not be considered to be disabled" if "alcoholism or drug addiction" is found to be "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). In order to determine whether alcoholism or drug addiction constitutes a "contributing factor material" to the finding of disability, the ALJ must determine whether the claimant would be disabled "if [she] stopped using drugs or alcohol." 20 C.F.R. §§ 404.1535, 416.935; *see also, Johnson-Hunt v. Commissioner of Social Security*, 500 Fed. Appx. 411, 415 (6th Cir., Sept. 14, 2012).

The ALJ determined that Plaintiff suffered from the following severe impairments: (1) depressive disorder; (2) post-traumatic stress disorder; and (3) polysubstance abuse. (Tr. 50). The ALJ concluded that these impairments, including Plaintiff's substance abuse disorders, were disabling in severity. (Tr. 50-52). The ALJ further determined, however, that if Plaintiff stopped abusing drugs and alcohol, she would still suffer from "a severe impairment or combination of impairments," but that these impairments, whether considered alone or in combination, fail to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 52-53).

The ALJ concluded that if Plaintiff stopped abusing drugs and alcohol she retained the ability to perform light work subject to the following limitations: (1) she must avoid concentrated exposure to excessive noise and pulmonary irritants; (2) she must avoid concentrated exposure to lighting greater than that found in a normal office environment; (3) she is limited to simple, routine, and repetitive tasks in a work environment free of fast paced production requirements and few, if

5

any, work place changes; (4) she can make only simple work-related decisions; (5) she can only occasionally interact with the public and co-workers; (6) she can never conduct transactional work with the public; (7) she cannot perform tandem tasks; and (8) she can work with only occasional supervision. (Tr. 53).

The ALJ concluded that this RFC precluded the performance of Plaintiff's past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert to determine whether there existed work which Plaintiff would be able to perform were she to stop using drugs and alcohol.

A vocational expert testified that there existed in the lower peninsula of Michigan approximately 22,400 jobs which an individual with such an RFC could perform, such limitations notwithstanding. (Tr. 100-10). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274

(6th Cir. 1988). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.

I.        **Plaintiff is not Entitled to a Sentence Six Remand**

As part of her request to obtain review of the ALJ's decision, Plaintiff submitted to the Appeals Council additional evidence which was not presented to the ALJ. (Tr. 1-5, 624-89). The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination. This Court, however, is precluded from considering such material. In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also*, *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

Plaintiff has not requested that the Court remand this matter for consideration of this

7

evidence. Plaintiff has, therefore, waived any such argument. *See, e.g., Porzillo v. Department of Health and Human Services*, 369 Fed. Appx. 123, 132 (Fed. Cir., Mar. 12, 2010) (claimant "waves any arguments that are not developed"); *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) (arguments "superficially" developed are waived); *Financial Resources Network, Inc. v. Brown & Brown, Inc.*, 2010 WL 4806902 at *30 n.29 (D. Mass., Nov. 18, 2010) (same). Moreover, even had Plaintiff requested a Sentence Six remand the result would be the same as the evidence in question indicates that Plaintiff's condition progressively improved when she stopped using drugs and alcohol and began participating in prescribed treatment.

**II.         Plaintiff's Impairments**

Plaintiff argues that she is entitled to relief because the ALJ failed to find that her arthritis constituted a severe impairment. At step two of the sequential disability analysis, the ALJ must determine whether the claimant suffers from a severe impairment. The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error").

A review of the ALJ's decision reveals that he discussed and considered the entire record when assessing Plaintiff's claim. Moreover, as the ALJ correctly observed, in response to

Plaintiff's complaints of hand and foot pain, Plaintiff's doctor recommended that Plaintiff obtain new shoes with better insoles, engage in "more regular exercise," abstain from drugs and alcohol, and obtain employment, recommendations not inconsistent with the conclusion that such impairments were not severe. (Tr. 389). Finally, even if it is assumed that Plaintiff's arthritis is a severe impairment, there is no evidence that such imposes on Plaintiff limitations greater than those recognized by the ALJ in his RFC determination. Accordingly, this argument is rejected.

**III.        Listing of Impairments**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff argues that even discounting her drug and alcohol abuse, she still meets the requirements of the Listing of Impairments. Specifically, Plaintiff asserts that she satisfies the requirements of Listings 12.04 and 12.06. The Court is not persuaded.

Section 12.04 of the Listing of Impairments provides as follows:

12.04 Affective Disorders: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

A.   Medically documented persistence, either continuous or intermittent, of one of the following:

1.   Depressive syndrome characterized by at least four of the following:

9

        a.    Anhedonia or pervasive loss of interest in almost all activities; or
        b.    Appetite disturbance with change in weight; or
        c.    Sleep disturbance; or
        d.    Psychomotor agitation or retardation; or
        e.    Decreased energy; or
        f.    Feelings of guilt or worthlessness; or
        g.    Difficulty concentrating or thinking; or
        h.    Thoughts of suicide; or
        i.    Hallucinations, delusions or paranoid thinking; or

2.    Manic syndrome characterized by at least three of the following:

        a.    Hyperactivity; or
        b.    Pressure of speech; or
        c.    Flight of ideas; or
        d.    Inflated self-esteem; or
        e.    Decreased need for sleep; or
        f.    Easy distractibility; or
        g.    Involvement in activities that have a high probability of painful consequences which are not recognized; or
        h.    Hallucinations, delusions or paranoid thinking;

Or

3.    Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);

And

B.    Resulting in at least two of the following:

      1. Marked restriction of activities of daily living; or
      2. Marked difficulties in maintaining social functioning; or
      3. Marked difficulties in maintaining concentration, persistence, or pace; or
      4. Repeated episodes of decompensation, each of extended duration;

Or

C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

      1. Repeated episodes of decompensation, each of extended duration; or
      2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
      3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.04 (2012).

Section 12.06 of the Listing provides as follows:

12.06 Anxiety Related Disorders: In these disorders anxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders.

The required level of severity for these disorders is met when the

11

requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.

A. Medically documented findings of at least one of the following:

    1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms:

        a. Motor tension; or
        b. Autonomic hyperactivity; or
        c. Apprehensive expectation; or
        d. Vigilance and scanning;

Or

    2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or
    3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or
    4. Recurrent obsessions or compulsions which are a source of marked distress; or
    5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;

And

B. Resulting in at least two of the following:

    1. Marked restriction of activities of daily living; or
    2. Marked difficulties in maintaining social functioning; or
    3. Marked difficulties in maintaining concentration, persistence, or pace; or
    4. Repeated episodes of decompensation,

>> each of extended duration.

> Or

>> C.  Resulting in complete inability to function independently outside the area of one's home.

20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.06 (2012).

Plaintiff does not assert that she satisfies section C of either Listing. Instead, Plaintiff argues that she satisfies sections A and B of each Listing. With respect to the section B criteria, the ALJ concluded that if Plaintiff stopped using drugs and alcohol she would experience moderate restriction in the activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, and pace, and would not experience repeated episodes of decompensation. (Tr. 52). While Plaintiff was abusing drugs and alcohol for much of the relevant time period, the record does contain evidence concerning Plaintiff's impairments and ability to function when she refrains from drugs and alcohol and participates in prescribed treatment.

Treatment notes dated February 25, 2010, indicate that Plaintiff was drinking only on the weekends, not using any other substances, and was occupying her time "doing crafts." (Tr. 391). The doctor reported that Plaintiff's depression was "fairly well controlled." (Tr. 391). Treatment notes dates April 27, 2011, indicate that Plaintiff's medications were helping and that she was experiencing "reduced depression symptoms." (Tr. 441). Treatment notes dated July 22, 2011, indicate that Plaintiff was "making progress" and experiencing less depression. (Tr. 433). On August 1, 2011, Plaintiff reported that she was "doing fine" on her current medications. (Tr. 432). Treatment notes dated September 12, 2011, and November 28, 2011, indicate that Plaintiff

experienced an increase in depression symptoms after she discontinued taking her medications. (Tr. 420, 430). The burden rests with Plaintiff to demonstrate that she satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). The ALJ evaluated the evidence of record and determined that Plaintiff failed to meet her burden in this regard. The ALJ's decision is supported by substantial evidence.

### IV.        Jessica Rob's Testimony

Substance abuse counselor, Jessica Rob, testified at the administrative hearing. Rob testified that she had known Plaintiff for only "about six weeks" and treats with her "about four hours" weekly. (Tr. 95-96). Rob reported that Plaintiff was previously using drugs and alcohol "quite a bit," but was not presently using drugs or alcohol and had not "used anything in months." (Tr. 96-97). Rob reported that Plaintiff was doing "very well" in the treatment program and complying with her "various commitments through Drug Court." (Tr. 99-100). Plaintiff argues that she is entitled to relief because the ALJ "failed to address" Rob's testimony. The ALJ acknowledged Rob's testimony in his opinion. (Tr. 47). Moreover, Rob's testimony regarding her brief experience with Plaintiff is not inconsistent with the ALJ's RFC determination. Accordingly, this argument is rejected.

### V.        Plaintiff's Credibility

Finally, Plaintiff argues that she is entitled to relief because the ALJ improperly discounted her subjective allegations that she suffers from disabling emotional impairments.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical

impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

As the ALJ detailed in his opinion, Plaintiff has a long history of being untruthful with her various care providers. (Tr. 51-55). Also, as discussed above, the record indicates that when Plaintiff is not abusing drugs and alcohol and is instead complying with prescribed treatment she is capable of functioning at a level consistent with the ALJ's RFC determination. In sum, the ALJ's decision to discount Plaintiff's subjective allegations is supported by substantial evidence.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.  A judgment consistent with this opinion will enter.


Date:  June 12, 2015                                        /s/ Ellen S. Carmody
                                                                             ELLEN S. CARMODY
                                                                             United States Magistrate Judge